IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH M. ARBING,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-cv-0042-JPG |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, Chief Judge:**

This matter is before the Court on Petitioner's motion to reconsider (Doc. 8). Petitioner, an inmate in the United States Penitentiary located in Florence, Colorado, (USP-Florence) filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his confinement at USP-Florence after being sentenced by this Court.  *See United States v. Arbing*, No. 02-cr-30109-WDS (S.D. Ill.).  Specifically, Petitioner contended that he should be serving his sentence in a prison in Illinois, not a federal prison in Colorado.   Because neither Petitioner and his immediate custodian were located in this district, this Court determined that it lacked jurisdiction to grant Petitioner habeas relief.  Accordingly,  this Court transferred the habeas petition to the United States District Court for the District of Colorado.  In the instant motion, Petitioner asserts that this Court erred in transferring his petition to the District of Colorado.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e)

or Rule 60(b) of the Federal Rules of Civil Procedure.  *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992).   If  a motion challenging a judgment on the merits is served after ten days of the rendition of judgment, the motion falls under Rule 60(b).'"  *Id.* (citations omitted).    As of December 1, 2009, motions under Rule 59(e) must be filed "no later than 28 days after the entry" of the challenged order.

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its ruling transferring Petitioner's § 2241 habeas corpus petition to the District of Colorado was correct.  Therefore, the instant motion (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

**Dated: October 12, 2010.**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**